[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Bridgeport city attorney for plaintiff.
Pro se defendant.
The plaintiff appeals a decision of the defendant Freedom of Information Commission ("FOIC" or "Commission") ordering the plaintiff to disclose records relating to the amount of attorneys' fees paid by the City of Bridgeport to a private attorney who represented the City Police Department in a hearing before the Bridgeport Board of Police Commissioners. This appeal is brought pursuant to General Statutes § 1-21i(d) and § 4-183. CT Page 6846
Juan P. Gonzalez, a Bridgeport police officer, was disciplined by the Bridgeport Board of Police Commissioners for an off-duty incident. Prior to deciding upon the discipline the Board of Police Commissioners held a hearing to determine the appropriate disciplinary action. The Bridgeport Police Department was represented during the hearing by Attorney Donald Houston. By letter dated November 13, 1992, after the conclusion of the hearing, Officer Gonzalez requested the plaintiff to disclose the amount of attorneys' fees paid to Houston for his representation of the Police Department during the hearing. When the information was not disclosed by the plaintiff, Gonzalez filed an appeal with the FOIC.
At the time of the FOIC hearing Gonzalez had taken various actions to challenge the discipline imposed on him by the Board of Police Commissioners. He had filed complaints with the State Commission on Human Rights and Opportunities ("CHRO") and the State Board of Labor Relations ("SBLR"). He had also given notice to the City of Bridgeport of his intention to file a lawsuit against the City, although no suit has been filed. The FOIC rejected the plaintiff's contention that the information sought was exempted from disclosure pursuant to General Statutes § 1-19(b)(4), finding that the plaintiff failed to prove that the amount of attorneys' fees at issue pertained to "strategy or negotiations" with respect to the CHRO or SBLR matters or the threatened lawsuit. The Commission also rejected the plaintiff's claim under General Statutes § 1-19b(b), finding that the plaintiff failed to show how disclosure of the amount of the attorneys' fees paid by the City would affect the rights of the litigants under state discovery laws in the CHRO and SBLR matters.
General Statutes § 1-21i(d) gives any aggrieved party the right to appeal from a decision of the FOIC in accordance with General Statutes § 4-183, the appeal section of the Uniform Administrative Procedures Act. The scope of judicial review in such an appeal is limited:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority CT Page 6847 of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
General Statutes § 4-183(j). Pet v. Department of HealthServices, 228 Conn. 651, 660-661 (1994). In addition, the party claiming that public records are exempt from disclosure bears the burden of proving the applicability of an exemption. Wilson v.FOIC, 181 Conn. 324, 341 (1980); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 775 (1988).
There is no dispute that the plaintiff Comptroller of the City of Bridgeport is aggrieved by the FOIC order directing him to disclose the records requested by Officer Gonzalez. The plaintiff contends that the records are exempt from disclosure and he therefore possesses a specific personal and legal interest in the disclosure of these records which has been adversely affected by the Commission's ruling against his claims. Light Rigging Co. v.Department of Public Utility Control, 219 Conn. 168, 173
(1991).
The plaintiff's first claim is that the information sought is exempt under General Statutes § 1-19(b)(4), which provides in pertinent part
 Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive shall be construed to require disclosure of . . . records pertaining to strategy and negotiations with respect to pending claims or pending litigation to which the public agency is a party until such litigation or claim has been finally adjudicated or otherwise settled. . . .
Both parties agree that Gonzalez' complaints filled with the CHRO and the SBLR and his notice of intention to file suit against the City constitute "pending claims" and/or "pending litigation" within the statutory definitions of those terms in General Statutes § 1-18a(g) and (h). Because the burden of proving an exemption rests on the party who claims the exemption, NewHaven v. Freedom of Information Commission, supra, the plaintiff bears the burden of proving all elements of the exemption at issue. The exemption under Section 1-19(b)(4) is for only those records with respect to pending claims or litigation which pertain CT Page 6848 to "strategy and negotiations." Not all records relating to pending claims and litigation are exempt. The FOIC found that the plaintiff "failed to prove that the records containing the requested information pertain to `strategy or negotiations.'. . ." The record of the proceedings before the Commission confirms the accuracy of this finding.
In a factually similar case where invoices for attorneys' fees were claimed to be exempt under Section 1-19(b)(4), our Supreme Court held that the exemption was not established where it was not shown that the invoices pertained to strategy or negotiations. New Haven v. Freedom of Information, supra, 775-776. The court found that satisfaction of the burden of proof required more than "conclusory language, generalized allegations or mere arguments of counsel." Id. To prove the exemption the court said, the plaintiff must provide a sufficiently detailed record demonstrating why the exemption applies. Id. The plaintiff here failed to provide any evidence that the attorneys' fees in question pertained to strategy or negotiations. The FOIC correctly ruled, therefore, that the information sought is not exempt under Section 1-19(b)(4).
The plaintiff next contends that the requested records are exempt from disclosure under General Statutes § 1-19b(b)(1) which provides in pertinent part
 Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be deemed in any manner to . . . affect the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state. . . .
The FOIC found that the plaintiff failed to prove his claim under Section 1-19b(b) because he failed to prove how disclosure of the records of attorneys' fees paid would in any way affect the discovery rights of litigants in the CHRO matter, the SBLR matter or any lawsuit which might be filed by Officer Gonzalez against the City of Bridgeport.
In his memorandum of law filed with the court, the plaintiff sets forth at length the discovery rights of litigants as set forth in the General Statutes and Practice Book provisions. He fails, however, to point to any evidence in the record which shows that disclosure of the amount of attorneys' fees paid would affect the discovery rights of litigants or parties to the administrative CT Page 6849 proceedings brought by Officer Gonzalez. Furthermore, at the hearing before the FOIC, Officer Gonzalez testified that he no longer intends to sue the City of Bridgeport so discovery in such a lawsuit is not at issue. Plaintiff fails to address this important fact.
The plaintiff's argument is simplistic: once suit is brought or an administrative proceeding is commenced, the party initiating the actions surrenders his rights under the Freedom of Information Act, General Statutes § 1-15 et seq. The plain wording of Section 1-19b(b)(1) does not support such a contention and plaintiff did not cite any authority supporting such a construction of the statute. Construction of the FOIA must be guided by our policy favoring disclosure and narrowly construing exceptions to disclosure. Gifford v. Freedom of Information Commission,227 Conn. 641, 651 (1993). The Commission properly concluded that the plaintiff failed to prove his claim under General Statutes § 1-19b(b)(1).
The plaintiff's final two arguments against disclosure are sketchy at best. He contends that the FOIC ruling interferes with a pending labor grievance brought by Officer Gonzalez. "The FOIA's final decision interferes with the SPMA pending complaint because the SPMA has the jurisdiction to determine if the requested material should be disclosed." This contention is wholly unsupported by any evidence in the record. Moreover, it parallels the argument, rejected above, that once an administrative proceeding is begun, the party initiating the action surrenders all his rights under the FOIA. There is no merit to this claim.
The plaintiff's final claim is that the proposed disclosure of the attorneys' fees paid violates the separation of powers provision of Article II of the Connecticut Constitution because it encroaches on the function of the state judiciary. There is no evidence in the record which supports this contention. In fact, the evidence in the record shows just the opposite. Although Officer Gonzalez gave notice of his intention to sue the City of Bridgeport, he later decided that he would not sue the City and no suit is threatened or pending. There is no basis for finding a violation of the separation of powers provision.
There is no merit to any of the plaintiff's claims and this appeal accordingly is dismissed.
VERTEFEUILLE, JUDGE. CT Page 6850